NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>KANAGASABAI KANAKESWARAN,<br>M.D.,<br><br>        Defendant-Appellant. | No.   19-50016<br><br>D.C. No.<br>2:17-cr-00410-PSG-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Submitted October 6, 2020[**]
Pasadena, California

Before: M. SMITH and LEE, Circuit Judges, and CARDONE,[***] District Judge.

Dr. Kanagasabai Kanakeswaran appeals his conviction on one count of

conspiracy to pay and receive illegal remunerations for health care referrals, in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

violation of 18 U.S.C. § 371, and four counts of receiving illegal remunerations for health care referrals to Star Home Health Resources (Star), in violation of 42 U.S.C. § 1320a-7b(b)(1)(A).  Kanakeswaran challenges the sufficiency of the evidence against him on all counts, several of the district court's evidentiary rulings, and the district court's entry of a judgment of forfeiture in the amount of $509,662.  We affirm.

Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

Claims of insufficient evidence are reviewed *de novo*.  *See United States v. Sandoval-Gonzalez*, 642 F.3d 717, 727 (9th Cir. 2011).  Here, Chris Legaspi testified that he personally delivered at least one kickback payment to Kanakeswaran.  The Government presented voluminous circumstantial evidence that traced payments from Star's internal records, through an intermediary, to Kanakeswaran's bank account.  The Government also presented circumstantial evidence sufficient to establish the elements of a conspiracy to receive kickbacks for referrals through testimony from various participants in the scheme. Consequently, there was sufficient evidence to convict Kanakeswaran on all counts.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

A trial court's decision to admit evidence is reviewed for abuse of discretion. *See United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016).  With respect to

the Senatin spreadsheet, Kanakeswaran's argument that the document was inadmissible hearsay fails because it qualifies as a record of a regularly conducted activity. Fed. R. Evid. 803(6).

When the trial court admits hearsay statements as co-conspirator statements, its underlying factual determination that the statements were made in furtherance of the conspiracy is reviewed for clear error. *United States v. Shryock*, 342 F.3d 948, 981 (9th Cir. 2013). However, if a defendant does not object to the testimony at trial, its admission is reviewed under the plain error standard. *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990). Kanakeswaran objected to the testimony of Errol Lat, who recounted that Elaine spoke about Kanakeswaran's desire for higher kickback payments.

Elaine's statement introduced through Errol's testimony was both during and in furtherance of the conspiracy. *See United States v. Williams*, 989 F.2d 1061, 1068 (9th Cir. 1993). The district court therefore did not abuse its discretion by admitting Errol's testimony containing Elaine's hearsay statement. *See United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015).

Kanakeswaran did not object to Elaine's hearsay statements introduced through the testimony of Legaspi, Tsarina Morales, and Vincent Senatin. Plain error review therefore applies. All of these hearsay statements were during and in furtherance of the conspiracy: Legaspi's testimony that Elaine told him

3

Kanakeswaran needed to make more referrals because Star was paying him, Morales's testimony that Elaine complained about doctors wanting higher kickback rates, and Senatin's testimony that Elaine and Errol told him Star was paying Kanakeswaran kickbacks advanced the common objective of continuing to defraud Medicare. The district court therefore did not commit plain error in admitting these statements. *United States v. Marcus*, 560 U.S. 258, 262 (2010).

Next, Kanakeswaran challenges the admission of bank teller receipts from Star's bank account based on lack of authentication and hearsay. The receipts were seized during the execution of a search warrant, and a law enforcement agent who seized them testified at trial regarding that seizure. The receipts were found in Star's office, stapled together in separate groups, and listed the last four digits of Star's bank account at Chase bank. They have the appearance and standard features of regular teller receipts. The amounts in the bank teller receipts matched the records obtained directly from the bank. Given these features, the receipts were properly authenticated. Fed. R. Evid. 901(a), (b)(4); *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Furthermore, the receipts do not contain inadmissible hearsay because, like the Senatin spreadsheet, they are records of a regularly conducted activity.

Kanakeswaran also challenges the district court's decision to admit evidence showing Medicare's total payments to Star on the basis of relevance and undue

prejudice. With respect to relevance, "[t]rial judges have 'wide discretion' in determining whether evidence is relevant." *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) (quoting *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983)). The overall Medicare payment evidence was relevant because it helped contextualize Kanakeswaran's role in the conspiracy. Furthermore, exclusion of otherwise relevant evidence under Rule 403 is "an extraordinary remedy to be used sparingly." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (quotation omitted). The alleged prejudice to Kanakeswaran does not warrant this extraordinary remedy.

Calculation of the amount of forfeitable money paid to defendant is a factual finding reviewed for clear error. *See United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 (9th Cir. 1996). "A factual finding is clearly erroneous only if it is illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262–63. Because forfeiture is essentially a sentencing enhancement, the Government bears the burden of proving the amount subject to forfeiture by a preponderance of the evidence. *Boyd v. United States*, 209 F. Supp. 3d 160, 166 (D.D.C. 2016); *accord United States v. Johnson*, 540 F. App'x 573, 575–76 (9th Cir. Sept. 10, 2013); *United States v. Davis*, 706 F.3d 1081, 1083 (9th Cir. 2013).

It was not an abuse of discretion for the district court to find that the

Government proved by a preponderance of the evidence that the spreadsheet represented payments Kanakeswaran actually received. Senatin testified that the amounts on the spreadsheet were what Elaine told Senatin would be paid to Kanakeswaran. And circumstantial evidence such as the bank receipts and Kanakeswaran's cash deposits corroborated various amounts listed on the spreadsheet. The Government met the preponderance of the evidence standard with respect to the forfeiture amount.

For the foregoing reasons, we **affirm** the judgment of conviction and forfeiture order of the district court.